IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TAMMIE WALK AND JUDITH ESTRADA** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>**PLASTIC & RECONSTRUCTIVE SURGERY CENTER, SC AND JOHN A. KOTIS, INDIVIDUALLY,**<br><br>Defendants | **No.** 19-CV-<br><br>**District Judge**<br><br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **TAMMIE WALK AND JUDITH ESTRADA,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **PLASTIC & RECONSTRUCTIVE SURGERY CENTER, SC AND JOHN A. KOTIS,** state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and were each a resident of this district and Defendant is or was engaged in business in this district.

**III.     THE PARTIES**

3.     Defendant, **PLASTIC & RECONSTRUCTIVE SURGERY CENTER, SC** (hereinafter referred to as "**PRSC**") provides medical and surgical services, primarily cosmetic and plastic surgery procedures, to patients. Defendant's primary practice is located in Arlington Heights, Illinois.  Defendant **PRSC,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **JOHN A. KOTIS,** (hereinafter referred to as "**KOTIS**") is the owner and President of **PRSC'S** surgical practice located in Arlington Heights, Illinois. Defendant **KOTIS** also performs some medical and surgical work in the City of Chicago at Advocate Illinois Masonic Medical Center located at 3000 N. Halsted Street. In his capacity as owner and President of the practice, **KOTIS** was vested with the authority to, and did in fact, implement and carry out the wage and hour practices of **PRSC**. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **KOTIS** and **KOTIS** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto **KOTIS** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5.     Plaintiff, **TAMMIE WALK** (hereinafter referred to as a "Plaintiff", a "named Plaintiff" or **WALK**)**,** is a current employee who has worked for Defendants since approximately February 2019 and performs billing, collections and other clerical office work for Defendants. Walk is compensated on an hourly basis and works over 40 hours per week and is denied overtime pay by Defendants for such hours.

2

6. Plaintiff, **JUDITH ESTRADA** (hereinafter referred to as a "Plaintiff", a "named Plaintiff" or **ESTRADA**)**,** is a current employee who has worked for Defendants since approximately February 2019 as a surgical assistant and performs related clerical work for Defendants. Estrada is compensated on an hourly basis and works over 40 hours per week and is denied overtime pay by Defendants for hours such hours.

7. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were also paid hourly and denied overtime pay for hours worked in excess of forty (40) in a work week as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

### IV. STATUTORY VIOLATIONS

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. During Plaintiffs' respective employments, Defendants paid Plaintiffs on an hourly basis.

12. Plaintiff Walk has been employed by Defendants since approximately February 2019. Plaintiff Walk is employed as a medical billing and collections assistant and performs related duties for Defendants.

13. Plaintiff Walk works five (5) days per week, Monday through Friday.

14. Plaintiff Walk almost always works in excess of forty (40) hours in a work week.

15. During Walk's entire tenure with Defendants, she has been paid an hourly rate of $18.00 per hour for only the first forty (40) hours worked each work week. Walk has received no compensation for hours worked in excess of 40 in a work week.

16. Over the course of Walk's employment with Defendants to date, she has not received any compensation for hours worked in excess of 40 in a work week.

17. Walk has worked in excess for forty (40) hours in many, if not all, workweeks during her employment without pay at a rate of time and one half her regular hourly rate of pay for such hours.

18. Walk continues to be denied time and one half her regular rates of pay for hours worked, over 40 in a workweek.

19. Additionally, Walk was required to perform work during her meal break without pay for that time.

20. This additional work performed to the benefit of the Defendants without pay is in violation of the requirements of the federal and state statutes herein relied upon.

21. Plaintiff Estrada has been employed by Defendants since approximately February 2019. Estrada is employed as a surgical assistant and performs related duties for Defendants.

22. Plaintiff Estrada worked five (5) days per week, Monday through Friday.

23. Plaintiff Estrada almost always works in excess of forty (40) hours in a work week.

24. During Estrada's entire tenure with Defendants, she has been paid an hourly rate of $22.00 per hour for only the first forty (40) hours worked each work week. Estrada received no compensation for hours worked in excess of 40 in a work week.

25. Over the course of Estrada's employment with Defendants to date, she has not received any compensation for hours worked in excess of 40 in a work week.

26. Estrada has worked in excess for forty (40) hours in many, if not all, workweeks during her employment without pay at a rate of time and one half her regular hourly rate of pay for such hours.

27. Estrada continues to be denied time and one half her regular rate of pay for hours worked over 40 in a workweek.

28. Additionally, Estrada was required to perform work during her meal break without pay for that time.

29. This additional work performed to the benefit of the Defendants without pay is in violation of the requirements of the federal and state statutes herein relied upon.

30. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516. To the extent Defendants

lacks the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

31.    The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

32.    The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-32.    Paragraphs 1 through 32 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 32 of this Count I.

33.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

34.    Defendants have, at all times relevant hereto, failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-34. Paragraphs 1 through 34 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count II.

35. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

36. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-36. Paragraphs 1 through 36 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of Count III.

37. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

38. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b)  Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)  such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-38.  Paragraphs 1 through 38 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 38 of this Count IV.

39.  As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

40.  The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

41.  Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)  declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)  awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)  allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

      (d)    directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

      (e)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 08/12/2019*

/s/ John W. Billhorn

_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.