IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TAMMIE WALK AND JUDITH ESTRADA** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**PLASTIC & RECONSTRUCTIVE SURGERY CENTER, SC AND JOHN A. KOTIS, INDIVIDUALLY,**<br><br>　　　　　　Defendants | **N<u>o</u>.** 19-cv-5422<br><br>**The Honorable Gary S. Feinerman District Judge**<br><br>The Honorable Gabriel A. Fuentes Magistrate Judge |

**PARTIES' JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENTS**

NOW COME Plaintiffs, Tammie Walk and Judith Estrada (the "Named Plaintiffs") and members of the opt-in Plaintiff Class (collectively, "Plaintiffs") and Defendants, Plastic & Reconstructive Surgery Center, S.C. and John A. Kotis, individually (collectively, "Defendants" or "PRSC") (jointly referred to as the "Parties"), by and through their undersigned counsel, and respectfully move for approval of their settlement in this action brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute among them. In support of the instant Motion, the Parties state the following:

　　　　1.　　On August 12, 2019, the Named Plaintiffs filed this action seeking alleged unpaid overtime compensation in violation of the FLSA and IMWL. Dkt. 1. The Named Plaintiffs

brought the FLSA claims on behalf of themselves and all other alleged similarly situated individuals under Section 216(b) of the FLSA.

2. After Defendants filed their Answer to the Named Plaintiffs' Complaint (Dkt. 12), the Parties exchanged information pursuant to the Mandatory Initial Discovery Pilot Program and engaged in written discovery as to the named Parties. Following substantive written discovery, Plaintiffs moved for Stage-One Conditional Certification and Notice to Putative Class Members pursuant to 29 U.S.C. § 216(b) against opposition from Defendants. Plaintiffs' Motion for Stage-One Certification was granted by this Court. Dkt. 46. Plaintiffs then effectuated Notice to the Plaintiff Class, which resulted in the joinder of three (3) additional Plaintiffs.[1]

3. After conclusion of the opt-in period, Defendants substituted counsel. Dkt. 57, 59. Shortly after this Court granted Defendants' motion to substitute counsel, the Parties transitioned to arm's-length settlement negotiations through counsel that spanned several months. The Parties recently reached an agreement to resolve the claims of the Named Plaintiffs and opt-in Plaintiff Zana Suleiman.[2]

4. The total settlement amount is $48,555, inclusive of attorneys' fees and costs. The settlement amounts attributed to each Plaintiff are specified in Paragraph 3 of each Settlement Agreement. The settlement amounts agreed to by each Plaintiff are based on each Plaintiff's individualized evaluations of her claims based on her applicable rate of pay, duration of employment and hours worked, including alleged overtime hours. After negotiations, the Parties reached a settlement. The final settlement amount for each Plaintiff includes underlying overtime

---

[1] One opt-in Plaintiff, Laura Vail, failed to communicate with Plaintiffs' counsel after returning her signed Consent form. After numerous attempts to contact Ms. Vail, Plaintiffs' counsel withdrew as attorneys for Ms. Vail. Dkts. 64, 65. Ms. Vail's claims were dismissed with prejudice. Dkt. 68.

[2] Opt-in Plaintiff Jennifer Mansoori has instructed Plaintiffs' counsel to dismiss her claims without prejudice as she no longer desires to pursue claims against PRSC. Ms. Mansoori is not a participant in the settlement described in this Motion. Ms. Mansoori's Motion to Dismiss Without Prejudice is filed concurrent herewith.

wages, and additional, negotiated statutory penalties and interest applicable under the FLSA and IMWL. The proposed Settlement Agreement contains mutual releases of claims, and the Parties seek dismissal of the entire lawsuit, initially without prejudice, which will automatically convert to a dismissal with prejudice fourteen (14) days after delivery of the Settlement Payment to Plaintiffs' counsel.

5. Prior to reaching a settlement, counsel for Plaintiffs and Defendants conducted thorough investigations into the merits of and defenses to the potential claims both informally and through formal written discovery, where Defendants produced a significant volume of information, including time records and wage/compensation data for Plaintiffs for the relevant time period. With this information, all Parties had the ability to fully analyze the claims of Plaintiffs and to conduct and exchange potential damage calculations for Plaintiffs. Therefore, the Parties have sufficient information to agree to a settlement.

6. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Larkin v. CPI Corp.*, No. 10-cv-411-wmc, 2011 U.S. Dist. LEXIS 127680, *2 (W.D. Wis. Nov. 3, 2011); *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Under the FLSA, employees may settle their claims if the parties agree on the terms and the court approves the settlement as "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Larkin*, 2011 U.S. Dist. LEXIS 127680, at *2 (*citing Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Hernandez v. Cameo Invs., LLC*, No. 19-cv-356-wmc, 2019 U.S. Dist. LEXIS 186445, *3 (W.D. Wis. Oct. 28, 2019).

7. If a settlement in a FLSA suit reflects a reasonable compromise, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."

3

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354. A presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a contested FLSA case resulting in settlement as an indication of fairness).

8. In determining whether a settlement is fair and reasonable, courts consider non-exclusive factors such as: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the plaintiff to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendant to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Black v. Renaissance Learning, Inc.*, No. 15-cv-635-jdp, 2016 U.S. Dist. LEXIS 192763, *14-15 (W.D. Wis. Nov. 10, 2016); *Smoot v. Wieser Bros. Gen. Contr.*, No. 15-cv-424-jdp, 2016 U.S. Dist. LEXIS 57148, *16-17 (W.D. Wis. Apr. 29, 2016).

9. The Parties' settlement is fair and reasonable and meets the applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, the uncertainties for a favorable outcome, and range of reasonableness of the settlement in light of the best possible recovery. The Parties recognized the risks inherent in proceeding with the litigation. Defendants recognized its potential exposure if Plaintiffs prevailed at trial. Plaintiffs recognized the risk that they could lose on summary judgment or at trial and not recover all or any of their alleged damages. The settlement is also reasonable given that the Parties reached a resolution prior to the commencement of additional discovery on the opt-in Plaintiffs, including class and oral discovery. *See*, *e.g.*, *Black*, 2016 U.S. Dist. LEXIS 192763, *14-15 (prompt

4

settlement benefits all parties by avoiding long, drawn-out litigation, and it spares defendants the cost of continuing to pay its attorneys through a trial).

10. Additionally, the settlement is within the range of possible recovery. As in many wage and hour claims, the precise nature and amount of recoverable damages is uncertain. Here, even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, the number of alleged overtime hours worked, the amount of Plaintiffs' alleged damages, the Parties and their witnesses' credibility, testimony, Defendants' knowledge, willfulness and good faith, and whether the statute of limitations should be extended to three years and/or if liquidated damages should be assessed.

11. Should this matter have continued in the absence of a negotiated resolution, the Parties would have engaged in extensive additional discovery as to opt-in Plaintiffs' claims and Defendants' defenses to those claims. Such discovery would have addressed multiple threshold issues, including: whether Plaintiffs were properly compensated for their working time, including for overtime hours worked under applicable federal and state law and, thus, whether PRSC could have been liable for Plaintiffs' alleged damages even if they prevailed on their claims and if Plaintiffs were fully compensated in accordance with the FLSA and the applicable state law claims. The Parties may potentially have moved for summary judgment and, to the extent any such dispositive motions were denied, the case would have proceeded to trial. If Plaintiffs prevailed on their claims, Defendants would potentially be faced with the prospect of a verdict against them and the obligation to pay damages, attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

12. Lastly, the attorney fee-shifting principles of the FLSA have been honored in these negotiations and this settlement and are reflected in the Settlement Agreements upon which

5

the Parties seek approval.  In order to facilitate settlement, Plaintiffs' counsel discounted their total lodestar amount, which was incurred over the course of more than a year of litigation and included discovery efforts and substantive briefing over contested legal issues. As reflected in the attached Settlement Agreements, the Parties have fully resolved all issues related to Plaintiffs' attorneys' fees.  Plaintiffs herein request the Court to approve those fees in the amount of $35,000.00, which represent Plaintiffs' counsels' discounted lodestar, reflecting the following reasonable hourly rates of Plaintiffs' counsel and paraprofessional: Jodi S. Hoare (paralegal), $145.00 per hour; Samuel D. Engelson (Associate Attorney), $300 per hour, and; John W. Billhorn (Senior Attorney), $575 per hour.[3]

13. Based upon the foregoing, the Parties request that this Court review their Settlement Agreements, approve the same, and dismiss this lawsuit initially without prejudice, which will automatically become a dismissal with prejudice fourteen (14) days after delivery of the Settlement Payments to Plaintiffs' counsel, unless a motion is filed to reinstate the case solely for purposes of enforcing the Settlement Agreement.

14. Copies of the Settlement Agreements are attached hereto as **Exhibits A-C.**

**WHEREFORE**, the Parties respectfully request this Court enter an order: (1) approving the Settlement Agreement, including the release of claims; (2) the payment of attorneys' fees and costs set forth therein as full and final satisfaction for attorneys' fees and costs; and (3) dismissing the action initially without prejudice, which will automatically become a dismissal with prejudice fourteen (14) days after delivery of the Settlement Payments

---

[3] For purposes of this Motion only, Defendants do not challenge these rates.

to Plaintiffs' counsel, unless a motion is filed to reopen the case solely for purposes of enforcing the Settlement Agreement.

Dated: March 19, 2021

PLAINTIFFS

By: /s/John W. Billhorn
    One of Their Attorneys

John W. Billhorn
Samuel D. Engelson
Billhorn Law Firm
53 West Jackson Blvd., Suite 840
Chicago, Illinois 60604
(312) 853-1450
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

**Attorneys for Plaintiffs**

Respectfully Submitted,

DEFENDANTS PLASTIC RECONSTRUCTIVE AND SURGERY CENTER, SC AND JOHN A. KOTIS

By: /s/ Antonio Caldarone
    One of Their Attorneys

Antonio Caldarone
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
Phone: (312) 467-9800
acaldarone@lanermuchin.com

**Attorney for Defendants**