**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Tammie Walk (collectively referred to as "Plaintiff") and Plastic & Reconstructive Surgery, Inc. and Dr. John A. Kotis (collectively referred to as "Defendants") (together Plaintiff and Defendants are referred to as the "Parties") enter into this Settlement Agreement and General Release (the "Agreement") to voluntarily agree to completely settle and resolve all claims Plaintiff may have against Defendants as specified below.

WHEREAS, on August 12, 2019, Plaintiff and Judith Estrada filed a Complaint on behalf of themselves and all other plaintiffs similarly situated against Defendants alleging violations of the Fair Labor Standards Act and Illinois Minimum Wage Law, Case No. 19 C 5422 (the "Lawsuit"); and

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter this Agreement to resolve all claims, including attorneys' fees, against Defendants as specified herein;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. **Plaintiff's Execution of the Settlement Agreement and Release.**

As a condition precedent to Defendants' obligations under this Agreement, including the payment of monies, all Plaintiffs must execute this Agreement. If any Plaintiff fails to execute this Agreement, this Agreement shall become null and void.

2. **Nonadmission.**

This Agreement shall not be construed as: (a) an admission by Defendants or the Released Parties of any: (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

3. **Payment Terms and Consideration.**

In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiff the gross sum of $6,100 and to her attorneys, the gross sum of $11,666 (a total of $17,766) as set forth below (the "Settlement Payment"). The following conditions precedent to Defendants' obligations under this Agreement, including the payment of monies, must be satisfied: (i) the Court approves this Agreement; (ii) the Court dismisses the Lawsuit initially without prejudice that will automatically become a dismissal with prejudice fourteen (14) days after delivery of the Settlement Payment to Plaintiff's counsel, with each party responsible for their own fees and costs; and (iii) Defendants' counsel receives copies of the Settlement Agreements signed and dated by all Plaintiffs. The Settlement Payment shall be delivered to Plaintiff's counsel within twenty-one (21) days after the last of aforementioned conditions precedent are satisfied, as follows:

        a.      Tammie Walk will be issued two checks in the gross amount of $6,100. One check will be made payable to Tammie Walk in the gross amount of $2,800, less legally required and authorized withholdings and deductions, as payment for all alleged uncompensated wages and interest. Tammie Walk will be issued an IRS Form W-2 for this payment. A second check will be made payable to Tammie Walk in the amount of $3,300 as payment for penalties, liquidated damages, and other consideration. Tammie Walk will be issued an IRS Form 1099 for this payment.

        b.      A check will be made payable to the "Billhorn Law Firm" in the amount of $11,666 for payment of Plaintiff's attorneys' fees and costs. Plaintiff's counsel will provide Defendants with an IRS Form W-9 for the Billhorn Law Firm. The Billhorn Law Firm will be issued an IRS 1099 for this payment. Plaintiff and her counsel agree that this amount fully satisfies any right she may have to recover attorneys' fees and costs from Defendants and the Released Parties in connection with any claims that are released in this Agreement, and she hereby waives, compromises, releases and discharges any such claims and/or liens. Plaintiff and her counsel further agree and understand that the amount in attorneys' fees and costs paid under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with the Lawsuit, except as otherwise provided for in this Agreement.

        c.      The Parties agree that the Settlement Payment constitutes good, valid and sufficient consideration for this Agreement and Plaintiff agree that, with the Settlement Payment, her claims asserted or could have been asserted in the Lawsuit for unpaid wages and compensation, including without limitation compensation for all hours worked and overtime compensation have been fully satisfied, and that there are no unpaid wages or any other forms of compensation, damages, and/or penalties due to her from Defendants and the Released Parties (as defined in this Agreement).

**4.**      **General Release by Plaintiff.**

        a.      Except as to any claims that cannot be released under applicable law, Plaintiff releases, waives, settles, comprises and forever discharges any and all claims against Defendants and the Released Parties that she has as of the time of the execution of this Agreement, whether known or unknown to Plaintiff and whether asserted or unasserted. Plaintiff further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by her or on her behalf.

        b.      Without limiting the foregoing, this release specifically includes all claims Plaintiff has or may have for unpaid wages, including without limitation minimum wages and overtime wages. This release also includes any and all claims based directly or indirectly upon Plaintiff's employment and/or business relationship with Defendants, the cessation of Plaintiff's employment with Defendants, and any alleged act or omission to act by the Released Parties, whether related or unrelated to her employment. This release also includes any and all claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Cook County Minimum Wage Ordinance, Chicago Minimum Wage Ordinance, the Title VII

of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the National Labor Relations Act, the Illinois Human Rights Act, the Illinois Equal Pay Act, the Cook County Human Rights Ordinance, and the City of Chicago Human Rights Ordinance. This release also includes any and all tort claims and claims Plaintiff may have arising from any other federal, state, or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law.

        c.      This release includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims and the Parties agree that neither party is a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates all claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims.

        d.      Plaintiff agrees that this release includes all claims and potential claims against the Company and any affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs, and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities, specifically including Dr. John A. Kotis and Christina Kotis (collectively referred to as the "Released Parties").

        e.      As used throughout this Agreement, the term "Plaintiff" includes each and Plaintiff her their agents, representatives, assigns, heirs, executors, beneficiaries, trustees.

        **5.**      **General Release by Defendants.**

Except as to any claims that cannot be released under applicable law, Defendants release, waive, settle, comprise and forever discharge any and all claims against Plaintiffs that Defendants have as of the time of the execution of this Agreement, whether known or unknown to Defendants and whether asserted or unasserted.

        **6.**      **Promise Not to Sue.**

Plaintiff promises and covenants that she will not file any lawsuit, join, opt-into or otherwise be a class member in any lawsuit or claim against the Released Parties based upon any claim covered under the foregoing release in Paragraph 4. Plaintiff agrees that, if she receives a notice that she is a member of a class action involving a claim that has been released in this Agreement, Plaintiff will take all necessary steps to opt-out or exclude herself as a class member. Defendants promise and covenant that they will not file any lawsuit against Plaintiff covered under

the foregoing release in Paragraph 5. Nothing in this Paragraph restricts Plaintiff and Defendants' right to enforce this Agreement and the promises set forth herein.

### 7. Court Approval and Dismissal of Claims.

The Parties will jointly submit this Agreement to the Honorable Judge Gary Feinerman for court approval and will request dismissal of the Lawsuit initially without prejudice, with each Party to bear their own attorneys' fees and costs, and that dismissal will automatically convert to a dismissal with prejudice fourteen (14) days after Plaintiff's counsel receives the Settlement Payment. Approval by the Court is a condition precedent to Defendants' obligations contained in this Agreement, including the payment of monies. It is intended that this Agreement shall constitute full and final settlement of all claims alleged or could have been alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that she does not presently have any claims other than those that have been asserted in the Lawsuit or could have been asserted in the Lawsuit pending against Defendants or the Released Parties before any court, agency, or other person/entity other than those identified herein.

### 8. No Publication.

Except as may be necessary in response to lawful process of any judicial or adjudicative authority or otherwise allowed by law, Plaintiff and her attorneys will not publicize or notify to any third-party, including, but not limited to, past, present and future employees of Defendants and the Released Parties, any representative of the media, or issue a press release, advertise or post on social media or a website about the settlement of the Lawsuit or the terms of this Agreement. This Paragraph does not apply to communications between a Plaintiff and her spouse, attorney and/or paid tax preparer.

### 9. Non-Disparagement.

a.     Plaintiff agrees that she will not make any disparaging, negative or critical statements or remarks, either verbally or in writing, about the Company, Dr. John A. Kotis and Christina Kotis to any third party, specifically including, without limitation, any past, present or prospective employee, any patient or business contact of the Company or any representative of the media. This Paragraph shall not apply to communications between Plaintiff and her attorneys, spouses, any disclosure or statement relating to any proceedings to enforce the terms of this Agreement, statements made in cooperation with any government agency investigation or as otherwise expressly authorized by law or lawful process of any administrative, judicial or adjudicative authority.

b.     Dr. John A. Kotis and Christina Kotis agree that they will not make any disparaging, negative or critical statements or remarks, either verbally or in writing, about Plaintiff's employment and with the Company to any third-party. This shall not apply to communications between Dr. John A. Kotis and Christina Kotis; with their attorneys; with their insurers, auditors, officers, investors, directors of the Company; any disclosure necessary to effectuate the terms of this Agreement; any disclosure or statement relating to any proceedings to

enforce the terms of this Agreement, statements made to government agency; statements made in the context of a legal proceeding; or as otherwise expressly authorized by law or lawful process of any administrative, judicial or adjudicative authority.

10. **Taxation.**

Plaintiff agrees that she alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the Settlement Payment, except for the payroll taxes withheld from the portion of the Settlement Payment designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against any of them by any taxing authority.

11. **Indemnification.**

Plaintiff agrees to indemnify and hold Defendants and each of the Released Parties harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees and costs, incurred by the Defendants or the Released Parties, or any of them, arising out of any breach of this Agreement, the fact that any representation or warranty made herein, or their counsel, was false when made.

12. **Right to Counsel.**

Plaintiff acknowledges that she has been advised by competent legal counsel of her own choosing, the attorneys with the Billhorn Law Firm, in connection with the review and execution of this Agreement and that she has had an opportunity to, and did, negotiate over the terms of this Agreement.

13. **Non-Assignment.**

Plaintiff expressly promise Defendants and the Released Parties that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties; (b) any rights that she may have had to assert claims on her behalf or on behalf of others against the Released Parties; and (c) any right she has or may have to the Settlement Payment.  Plaintiff promises that any monies, benefits or other consideration she receives from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payment.

**14.     Neutral Construction.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

**15.     Complete Agreement.**

This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral or written communications are superseded by this Agreement, except that the Settlement and Mutual General Release Agreement between Tammie Walk, Judith Estrada, the Company, Dr. John Kotis and Christina Kotis that Tammie Walk and Judith Estrada executed on January 7 and 8, 2021 shall not be superseded and remain in full force and effect.  The Parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses which are informational, are contractual and not a mere recital.

**16.     Counterparts.**

This Agreement may be executed in one or more actual or .pdf counterparts, or by DocuSign means, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**17.     Plaintiff's Acknowledgment.**

Plaintiff declares that she has completely read this Agreement and acknowledges that it is written in a manner calculated to be understood by her.  Plaintiff fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily, without coercion enters into this Agreement.  Further, Plaintiff agrees and acknowledges that she has had sufficient time and full opportunity to investigate all matters pertaining to her claims in this Lawsuit and that the waiver and release of those rights or claims she may have under any local, state or federal law is knowing and voluntary.

| TAMMIE WALK | PLASTIC & RECONSTRUCTIVE SURGERY, INC. |
|---|---|
| | By: _____ |
| Date: _____ | Its: _____ |
| | Date: _____ |

DR. JOHN A. KOTIS

_____

Date:_____